Citation Nr: 1450470 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 09-34 230 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Whether new and material evidence has been received to reopen a claim of service connection for the cause of the service member's death.


REPRESENTATION

Appellant represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

April Maddox, Counsel


INTRODUCTION

The service member received an undesirable discharge by reason of unfitness for a period of active duty in the United States Navy from July 1946 to June 1948. He died in May 1997 and the appellant is his surviving spouse.
 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from a decision issued in April 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. 

In her September 2009 substantive appeal (VA Form 9), the appellant requested a Board hearing before a Veterans Law Judge sitting in Washington, D.C. Thereafter, in a June 2014 communication, the appellant indicated that she wished to withdraw her request for a Board hearing. Therefore, the Board finds that the appellant has withdrawn her request for a Board hearing. 38 C.F.R. § 20.704(e) (2014).

The Board observes that, in October 2004, the appellant submitted a VA Form 21-22 (Appointment of Veteran Service Organization (VSO) as Claimant's Representative) in which she designated The American Legion as her representative. In June 2014, the appellant submitted a new VA Form 21-22 in which she designated the Disabled American Veterans as her representative. The
Board recognizes this change in representative.

The Board notes that, in addition to the paper claims file, the appellant also has an electronic Virtual VA and Veteran Benefits Management System (VBMS) paperless claims files. A review of the documents in the Virtual VA paperless file reveals an April 2014 Informal Hearing Presentation submitted by the appellant's former representative and an October 2014 Informal Hearing Presentation submitted by her current representative. The remaining documents are either duplicative of the evidence in the paper claims file or are irrelevant to the issue on appeal. There are no documents in the VBMS file.

As a final preliminary matter, the Board notes that the issue of whether new and material evidence had been received to reopen a claim as to whether the character of the service member's service is a bar to the payment of VA compensation was raised by the appellant's representative in its October 2014 Informal Hearing Presentation. This issue is inextricably intertwined with the petition to reopen a claim for service connection for the cause of the service member's death. Therefore, the agency of original jurisdiction (AOJ) must adjudicate the newly raised claim in order for the Board to adjudicate the petition to reopen a claim for service connection for the cause of the service member's death.

The issue of entitlement to death pension was raised by the appellant's former representative in its April 2014 Informal Hearing Presentation, but has not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the appellant's claim so that she is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159 (2014).

In this case, the service member's death certificate shows that he died in May 1997 from an immediate cause of death of respiratory failure and an antecedent cause of death of emphysema. The appellant contends that she is entitled to service connection for the cause of the service member's death. Her arguments in support of her claim are predominately based upon her own financial need and medical problems but, in an April 2009 statement, the appellant wrote that the service member worked with asbestos on a ship (presumably during his service with the United States Navy). 

In an unappealed November 2007 Administrative Decision, the AOJ reviewed the character of the service member's discharge and determined that his service from July 1946 to June 1948 was considered dishonorable for VA purposes based on willful and persistent misconduct. As a result, the appellant is not currently entitled to VA benefits as a matter of law.

In its October 2014 Informal Hearing Presentation, the appellant's representative argued that the service member's undesirable discharge should be reviewed as the Navy did not first determine that he was not insane at any time during service or during the times that he committed the minor offenses for which he was separated. Specifically, the representative noted that the service treatment records had shown that the service member was evaluated by psychiatric services. The representative further contends that there must be an explicit finding that the issue of the service member's sanity was not involved. Finally, the representative argued that the service member had served during World War II and, in the event that he was found to have a severe mental condition which affected his behavior, a bar to VA benefits should be "lifted" so that the appellant could at least receive death pension benefits.

The Board notes that a favorable determination as to the appellant's petition to reopen a claim of whether the character of the service member's discharge is a bar to the payment of VA benefits could, potentially, impact her petition to reopen a claim for service connection for the cause of the service member's death. Thus, the petition to reopen a claim of whether the character of the service member's discharge is a bar to the payment of VA benefits is inextricably intertwined with the petition to reopen a claim for service connection for the cause of the service member's death and must be adjudicated by the AOJ prior to the Board's adjudication of the petition to reopen the claim for service connection. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (issues are inextricably intertwined if one claim could have significant impact on the other). 

As AOJ adjudication of the appellant's petition to reopen a claim of whether the character of the service member's discharge is a bar to the payment of VA benefits, in the first instance, is warranted, Board consideration of the petition to reopen a claim for service connection for the cause of the service member's death, at this juncture, would be premature. The Board also notes that, if this petition is denied, the AOJ must afford the appellant the opportunity to perfect an appeal as to such issue.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should complete all appropriate development in connection with the petition to reopen a claim of whether the character of the service member's discharge is a bar to the payment of VA benefits raised in October 2014. After completing all appropriate development, the AOJ should adjudicate the petition to reopen in light of all pertinent evidence and legal authority.

2. If the petition to reopen a claim of whether the character of the service member's discharge is a bar to the payment of VA benefits is denied in October 2014, the appellant and her representative must be notified of the denial of the claim and advised of the appellant's appellate rights.

The appellant and her representative are hereby reminded that to obtain appellate jurisdiction of an issue not currently in appellate status, a timely appeal (an notice of disagreement, and, after issuance of an statement of the case, a substantive appeal) must be perfected. While the AOJ must furnish the appellant the appropriate time period in which to do so, the appellant should perfect an appeal of the claim, if desired, as soon as possible to avoid unnecessary delay in the consideration of the appeal.

3. Then, after completing the above actions, and any additional notification and/or development deemed warranted, the AOJ should readjudicate the petition to reopen a claim for service connection for the cause of the service member's death.

4. If the petition to reopen a claim for service connection for the cause of the service member's death is denied, the AOJ must furnish to the appellant and her representative an appropriate supplemental statement of the case that includes clear reasons and bases for all determinations and afford them the appropriate time period for response before the claims file is returned to the Board for further appellate consideration.

The AOJ is advised that it should not return the claims file to the Board until after the appellant has either perfected an appeal of her petition to reopen a claim of whether the character of the service member's discharge is a bar to the payment of VA benefits, or the time period for doing so has expired, whichever occurs first.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 





of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
KRISTY L. ZADORA
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).